[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before this Court are two motions by Colonel Edmond C. Culhane in his capacity as Superintendent of the Rhode Island State Police and the State of Rhode Island and Providence Plantations. The first motion prays this Court to order the Hearing Committee, convened pursuant to R.I.G.L. 1956 (1988 Reenactment) § 42-28.6-4, to reconvene and conduct a rehearing so that it may consider newly available evidence, namely the grand jury testimony given by Mr. Raymond Denisewich on June 7, 1988 and April 24, 1990. The State's second motion prays this Court to order that, in the event the Hearing Committee is compelled to reconvene for a rehearing, the Committee be comprised of the same three members who sat on the original board. The facts insofar as relevant to these motions are as follows.
On October 1, 1987, Mr. Denisewich, who was at the time, a trooper with the Rhode Island State Police, stopped a vehicle for speeding on Route 95. A subsequent investigation by Mr. Denisewich resulted in the arrest of the two occupants of the automobile, as well as the seizure of a briefcase which was inside the auto. This briefcase was later found to contain,inter alia, a large quantity of cocaine. The occupants of the automobile were then charged with various offenses relating to the possession of the cocaine.
The defendants, thereafter on March 14 and 15, 1988, moved for the suppression of this evidence. During the suppression hearing, Mr. Denisewich testified concerning the arrest of defendants, the seizure of the briefcase, and the subsequent custody of the briefcase. Specifically, Mr. Denisewich testified as to certain actions concerning the condition of the brief case at the time of the arrest versus its condition at the time of the suppression hearing. As a result of Mr. Denisewich's testimony, as well as other evidence adduced at the hearing, the State Police began an investigation.
The investigation focused generally on whether or not Mr. Denisewich had tampered with the briefcase, and more precisely, whether or not Mr. Denisewich had caused or required that the locks and hinges on the briefcase be repaired. As a result of the investigation, a grand jury was convened before which Mr. Denisewich voluntarily testified on June 7, 1988. Mr. Denisewich was subsequently indicted in June 1988 on two (2) counts of perjury and one (1) count of obstruction of justice. A jury trial was conducted during February, 1989. Mr. Denisewich was eventually acquitted of the charges on February 13, 1989.
The State Police thereafter instituted departmental charges against Mr. Denisewich. Pursuant to R.I.G.L. 1956 (1984 Reenactment) § 42-28-10 a State Police Hearing Board was convened in March of 1989. Said hearing resulted in the Board's recommending that Mr. Denisewich be discharged from his employment with the State Police as a result of having violated certain State Police rules and regulations. Mr. Denisewich was then terminated from employment retroactive to April 1, 1989 by then State Police Colonel Walter Stone.
Mr. Denisewich thereafter requested a hearing pursuant to the Law Enforcement Officers' Bill of Rights R.I.G.L. 1956 (1988 Reenactment) § 42-28.6-4. Said act mandates that any law enforcement officer who is terminated or otherwise disciplined be afforded a hearing conducted before a committee of three (3) police officers.
Mr. Denisewich had been charged with violating Chapter II, Sections 1, 2 and 8 of the Rules and Regulations of the Rhode Island State Police. Specifically these violations were his failure to show obedience to law, obedience to rules and regulations and his conducting himself in a manner unbecoming of a police officer.
The Hearing Committee heard testimony relative to the departmental charges on July 9, 11, 12 and 15 1991. In a decision dated January 21, 1992, the Committee unanimously found that Mr. Denisewich had not violated the rules and regulations of the State Police and therefore found Mr. Denisewich not guilty of the offenses charged.
The State Police thereafter filed a Petition for Issuance of Writ of Certiorari on February 10, 1992, pursuant to R.I.G.L. 1956 (1988 Reenactment) § 42-28.6-12 seeking review of the Committee's findings. Said statute empowers the Supreme Court to review such a decision on the grounds that it was arbitrary or capricious or characterized by an abuse of discretion or affected by error of law. The Attorney General also filed with this Court, a petition for an order authorizing the use of Mr. Denisewich's grand jury testimony in the matter before the Supreme Court, and by the Hearing Committee in the event that this Court orders a rehearing. An order was entered by this Court on April 14, 1992 releasing said grand jury testimony. The Rhode Island Supreme Court subsequently denied the State's petition for issuance of Writ of Certiorari.
In the instant case, the State has petitioned this Court for an order compelling a rehearing before the Hearing Committee so that it may consider the newly released grand jury testimony. The crux of the State's argument is that a manifest injustice would result if the Court does not order the committee to reconvene to consider the grand jury testimony because said testimony as evidence was not before the Hearing Committee when it originally convened on this matter.
Conversely, Mr. Denisewich asserts that the Hearing Committee should not be reconvened for rehearing because the legislation which created the Hearing Committee contains specific means of appeal and review of Hearing Committee decisions which do not include a provision for rehearing.
To complicate matters even further, even if the Court ordered a "rehearing", the composition of the Hearing Committee is now challenged by the officer in that the designee of the Colonel of the State Police has since retired from active service and is no longer an "active" law enforcement officer as required by §42-28.6-1(B).
Upon review of the facts and the law surrounding this controversy, I am compelled to conclude there is no basis in law to grant the relief requested, viz, to order the Hearing Committee to reconvene and consider the disclosed testimony.
Pursuant to § 42-28.6-12, only an aggrieved police officer has the right to appeal a decision of the Hearing Committee to the Superior Court, and the only appellate remedy available to the State is to file a petition for issuance of Writ of Certiorari to the Supreme Court. Hence, this Court finds that the legislature clearly intended these to be the only remedies available under this statute. As a result, the State is barred from pursuing alternate forms of relief.
Accordingly, this Court denies the State's motion to order the Hearing Committee to reconvene for the purpose of conducting a rehearing so that it might consider the grand jury testimony of Mr. Denisewich. Having so ruled, the issue of the composition of the rehearing committee is rendered moot.
Counsel for Mr. Denisewich shall prepare and submit an appropriate entry of judgment.